UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| FREEDOM MORTGAGE CORPORATION, | § § § § | |
| Plaintiff, | § § | EP-22-CV-00226-FM |
| v. | § § | |
| BEATRIZ PORCHER, and THE UNKNOWN HEIRS AT LAW OF MARSHALL D. PORCHER (*deceased*), | § § § § | |
| Defendants. | § | |

## ORDER APPOINTING ATTORNEY AD LITEM

Before the court is "Plaintiff's Motion for Appointment of Attorney Ad Litem" ("Motion") [ECF No. 22], filed April 28, 2023, by Freedom Mortgage Corporation ("Plaintiff"). After due consideration, the Motion is **GRANTED**.

## I.   BACKGROUND

This is a foreclosure action. Plaintiff is the mortgagee of a loan agreement secured by a particular piece of property (the "Property"), and Marshall D. Porcher ("Decedent") was the obligor under the loan.[1] No payments have been made toward the loan since at least January 2021.[2] Decedent passed away in March 2021.[3] After proper notification, Plaintiff accelerated

---

[1] "Original Complaint" 1–2 ¶¶ 1–2, ECF No. 1, filed June 29, 2022.

[2] *Id*. at 4 ¶ 12.

[3] *Id*. at 1 ¶ 2.

maturity of the debt in February 2022.[4] "No probate was ever opened to administer Decedent's estate."[5]

Plaintiff initiated this action in June 2022, seeking, among other things, a declaration that it has a statutory probate lien over the Property and an order allowing it to enforce the lien through non-judicial foreclosure.[6] Plaintiff attempted to identify any unknown heirs of Decedent by serving them through publication.[7] Having received no response, Plaintiff now "requests that the Court appoint an attorney ad litem to attempt to locate and, if needed, to represent the parties served by publication."[8]

## II.   **JURISDICTION**

By implicating Decedent's estate, this case tees up a question of jurisdiction, which the court has "a continuing obligation to examine."[9] Federal courts have no subject-matter "jurisdiction to probate a will or administer an estate," otherwise known as the probate exception.[10] However, courts retain jurisdiction

> to entertain suits in favor of creditors, legatees and [heirs] and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.
> . . .

---

[4] *Id.* at 4 ¶ 13.

[5] *Id.* at 3 ¶ 11.

[6] *Id.* at 4–5 ¶¶ 14–16.

[7] "Publisher's Affidavit" 1, ECF No. 21, filed Apr. 4, 2023.

[8] "Plaintiff's Motion for Appointment of Attorney Ad Litem" ("Mot.") 1 ¶ 3, ECF No. 22, filed Apr. 28, 2023.

[9] *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

[10] *Curtis v. Brunsting*, 704 F.3d 406, 408 (5th Cir. 2013) (quoting *Markham v. Allen*, 326 U.S. 490, 494 (1946)) (internal quotation marks omitted).

> Similarly while a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court.[11]

For decades, federal courts struggled with the meaning of "interference" in this context and often interpreted the probate exception too "expansively."[12] Accordingly, the Supreme Court in *Marshall v. Marshall* reiterated that the exception has a "distinctly limited scope," emphasizing that "interference" simply refers to

> the general principle that, when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*. Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.[13]

The Fifth Circuit subsequently outlined in *Curtis v. Brunsting* a two-step inquiry for determining whether the probate exception deprives a federal court of jurisdiction: courts must ask "(1) whether the property in dispute is estate property within the custody of the probate court and (2) whether the plaintiff's claims would require the federal court to assume *in rem* jurisdiction over that property. If yes to both, then the probate exception precludes jurisdiction.[14]

---

[11] *Markham*, 326 U.S. at 494 (citations omitted).

[12] *See Marshall v. Marshall*, 547 U.S. 293, 299 (2006).

[13] *Id.* at 310–12.

[14] *Curtis*, 704 F.3d at 409.

Because foreclosure actions are generally *in rem*, the second prong is almost certainly met here.[15] Regardless, the first is not: Plaintiff asserts that "[n]o probate was ever opened to administer Decedent's estate."[16] Nor does it matter that the Property *could* have ended up in probate court since the question is only whether it *is* in state court custody.[17] Accordingly, the probate exception does not apply and the court retains subject-matter jurisdiction.

## III.   <u>DISCUSSION</u>

Plaintiff requests the court appoint an attorney ad litem "to attempt to locate and, if needed, to represent the parties served by publication," *i.e.*, Decedent's unknown heirs.[18] Texas Rule of Civil Procedure ("Rule") 244 provides that "[w]here service has been made by publication, and no answer has been filed nor appearance entered within the prescribed time, the court shall appoint an attorney to defend the suit in behalf of the defendant, and judgment shall be rendered as in other cases; but, in every such case a statement of the evidence, approved and signed by the judge, shall be filed with the papers of the cause as a part of the record thereof. The court shall allow such attorney a reasonable fee for his services, to be taxed as part of the costs."[19]

---

[15] *See U.S. Bank N.A. v. Robinson*, No. 3:17-CV-2586-G, 2018 WL 3406931, at *3 (N.D. Tex. June 15, 2018) ("A foreclosure action is an *in rem* proceeding.") (citing *Davidson v. F.D.I.C.*, 44 F.3D 246, 249 n.2 (5th Cir. 1995)).

[16] Compl. at 3 ¶ 11.

[17] *See Curtis*, 704 F.3d at 409 ("[T]he probate exception only applies if the dispute concerns property within the custody of a state court."); *Deutsche Bank Nat'l Trust Co. v. McKnight*, No. 4:15-CV-00310, 2017 WL 655657, at *4–5 (S.D. Tex. Feb. 15, 2017).

[18] Mot. at 1 ¶ 3.

[19] TEX. R. CIV. P. 244. With regard to proper service by publication, Texas Rule of Civil Procedure 111 requires a plaintiff to make an oath "that the names of the heirs . . . against whom an action is authorized by Section 17.004, Civil Practice and Remedies Code, are unknown to the affiant," at which point "the clerk shall issue a citation for service by publication." *Id.* at 111. Section 17.004 of the Civil Practice and Remedies Code permits suit against unknown heirs by a person "with a claim against property that has accrued to or been granted to the unknown heirs of a deceased individual." TEX. CIV. PRAC. & REM. CODE § 17.004. Here, Plaintiff filed a declaration

Admittedly, federal courts in Texas have inconsistently applied Rule 244. For example, another division of this court has previously appointed attorneys ad litem for both known defendants and unknown heirs who had been served by publication and failed to appear.[20] The United States District Court for the Southern District of Texas has also appointed attorneys ad litem for unknown heirs.[21]

On the other hand, in *Ocwen Loan Servicing LLC v. Lane* ("*Ocwen*"), another division of this court declined to appoint an attorney ad litem for unknown heirs under practically identical circumstances. Ocwen Loan Servicing LLC ("Ocwen") serviced a home loan, which was in default, for two decedents.[22] Ocwen sought a declaration that it had a statutory probate lien on the home, an order permitting non-judicial foreclosure, and appointment of an attorney ad litem to locate and, if needed, represent the decedent's unknown heirs.[23] Citing the probate exception as a "serious and ultimately dispositive problem," however, the court dismissed Ocwen's claims, concluding that what it wanted  was "in essence an administration of the [decedents'] estates—a purely probate function outside this Court's jurisdiction."[24]

---

by its attorney, who averred the "names of the unknown heirs of deceased person Marshall D. Porcher . . . are unknown to [him]." "Plaintiff's Motion for Substituted Service by Publication," Ex. A, "Declaration of Bradley Conway" 1, ECF No. 17-1, filed Jan. 10, 2023. The clerk of the court then issued summons, which was served by publication according to Texas Rules of Civil Procedure 111, 114, 115, and 116. *See* "Publisher's Affidavit," ECf No. 21, filed Apr. 4, 2023. Therefore, the requirement that an attorney ad litem be appointed has been triggered.

[20] *See Wilmington Trust, N.A. v. Rea*, No. 1:21-CV-821-LY-SH, 2022 WL 4456271, at *2 (W.D. Tex. Sept. 23, 2022) (appointing attorney ad litem for known defendant); *PHH Mortg. Corp. v. Stewart*, No. 1:20-CV-00790-LY-SH, 2021 WL 4135209, at *2 (W.D. Tex. Sept. 10, 2021) (same); *Freedom Mortg. Corp. v. Ramirez*, No. SA-19-CA-19-DAE, 2019 WL 11506142, at *2 (W.D. Tex. May 10, 2019) (appointing attorney ad litem for unknown heirs).

[21] *See Deutsche Bank Nat'l Trust Co.*, 2017 WL 655657, at *1 (S.D. Tex. 2017).

[22] *Ocwen Loan Servicing LLC v. Lane*, No. A-15-CA-244-SS, 2015 WL 7301182, at *1 (W.D. Tex. Nov. 18, 2015).

[23] *Id.*

[24] *Id.*

The *Ocwen* court erred in neglecting to apply any of the recent, seminal caselaw surrounding the probate exception, such as *Marshall*'s reining-in of that exception or *Curtis*'s two-part inquiry. Indeed, because it "admitted that 'no probate was opened' for either decedent, and there was no other indication that a state probate court had custody of the property at issue, the *Ocwen* court's answer to both parts of [*Curtis*'s] probate-exception inquiry should have been a resounding 'no.'"[25] Furthermore, "[t]he implication of the *Ocwen* court's conclusion is that all foreclosures on decedent's estates call for an administration of the estate and are, therefore, beyond the jurisdictional reach of federal courts. But this is not the case."[26] In short, *Ocwen* was incorrectly dismissed for lack of subject-matter jurisdiction.

Additionally, the *Ocwen* court found it unclear as to whether federal rules of civil procedure authorize "appointment, at the expense of the United States government, of an attorney ad litem to represent unknown heirs to the deceased owners of property."[27] The United States District Court for the Eastern District of Texas subsequently followed *Ocwen*, declining to appoint an attorney ad litem for absent defendants and citing *Ocwen*'s doubt as to whether federal rules of civil procedure authorize appointment of attorneys ad litem.[28]

Beyond merely noting their doubts, however, those two decisions neglected to assess whether federal courts in Texas should nevertheless apply Rule 244, a state procedural rule, despite absence of authorization by the federal rules of civil procedure. That said, after *Ocwen*,

---

[25] *Deutsche Bank Nat'l Trust Co.*, 2017 WL 655657, at *5 (internal citation omitted).

[26] *Id.* (citing *Markham*, 326 U.S. at 494) (Notwithstanding the probate exception, "federal courts of equity have jurisdiction to entertain suits in favor of creditors, legatees and heirs and other claimants against a decedent's estate.")).

[27] *Ocwen Loan Servicing LLC*, 2015 WL 7301182, at *1.

[28] *See CAN Capital Asset Servicing Inc. v. Neo Tech Wireless, Inc.*, No. 4:20-CV-00816, 2022 WL 3904672, at *1 (Feb. 11, 2022).

another division of this court in *PHH Mortgage Corp. v. Stewart* ("*PHH*") and the United States District Court for the Southern District of Texas in *Deutsche Bank National Trust Co. v. McKnight* ("*Deutsche Bank*") both concluded that Rule 244 "applies to federal district court cases in Texas involving service by publication."[29] While *PHH* did not analyze the issue beyond simply citing to *Deutsche Bank*, the latter's analysis is far more fulsome.

The Court in *Deutsche Bank* found two routes by which Rule 244 can become mandatory in federal court. First, it noted that (1) Federal Rule of Civil Procedure 4(e) allows service of process according to state law; (2) Texas law allows for service by publication in certain circumstances; and (3) Texas law mandates appointment of an attorney ad litem when service by publication fails to result in defendant's appearance.[30] From this, *Deutsche Bank* concluded that when service by publication is properly effectuated pursuant to Texas law, and a defendant fails to appear, "Rule 244 kicks in, and mandates that an attorney ad litem 'shall' be appointed to defend the suit on behalf of the defendant."[31]

That conclusion, however, does not necessarily flow from *Deutsche Bank*'s starting principles. Federal Rule of Civil Procedure 4(e) merely states that individuals "may be *served . . . by . . .* following state law for serving a summons."[32] Arguably, then, district courts need only permit litigants to serve summons according to state law; they are not required to honor state procedural mandates that are (1) triggered after service and (2) not connected to the act of service

---

[29] *PHH Mortg. Corp.*, 2021 WL 4135209, at *2 (citing *Deutsche Bank Nat'l Trust Co.*, 2017 WL 655657, at *4).

[30] *Deutsche Bank Nat'l Trust Co.*, 2017 WL 655657, at *3 (citing Fed. R. Civ. P. 4(e)(1) and Tex. R. Civ. P. 109 and 244). Although *Deutsche Bank* dealt with Rule 109, which provides service by publication for a defendant whose residence or whereabouts is unknown, Rule 111 authorizes service by publication for unknown heirs in a claim against property that has accrued to them. *See* Tex. R. Civ. P. 109, 111.

[31] *Deutsche Bank Nat'l Trust Co.*, 2017 WL 655657, at *3 (citation and internal footnote omitted).

[32] Fed. R. Civ. P. 4(e)(1) (emphasis added).

itself. Rule 244, meanwhile, does not delineate a process for serving a summons. Rather, it states that once "service *has been made* by publication, and no answer has been filed nor appearance entered within the prescribed time, the court shall appoint an attorney to defend the suit in behalf of the defendant."[33] Because it kicks in only after service has been properly effectuated, Rule 244 establishes a requirement that falls outside the ambit of Federal Rule of Civil Procedure 4(e).

Second, *Deutsche Bank* cited—but misapplied—28 U.S.C. § ("Section") 1655. That statute pertains to defendants in lien enforcement actions who "cannot be served within the State" or who do "not voluntarily appear."[34] District courts may order such defendants "to appear or plead" by a certain day.[35] Such an order may be served by publication, if personal service is not practicable, provided it is published at least "once a week for six consecutive weeks."[36] Thereafter, "[i]f an absent defendant does not appear or plead within the time allowed, the court may proceed as if the absent defendant had been served with process *within* the State,"[37] *i.e.*, a geographical area. *Deutsche Bank*, however, misunderstood Section 1655 as permitting the court to proceed as if the absent defendant had been served "*with state process*,"[38] *i.e.*, according to a particular procedure. Based on this flawed understanding, *Deutsche Bank* concluded Texas rules permitting service by publication "could then be invoked by Plaintiff to arrive at Rule 244's mandate that an attorney ad litem be appointed."[39] Because Section 1655 does not authorize

---

[33] TEX. R. CIV. P. 244 (emphasis added).

[34] 28 U.S.C. § 1655.

[35] *Id.*

[36] *Id.*

[37] *Id.* (emphasis added).

[38] *Deutsche Bank Nat'l Trust Co.*, 2017 WL 655657, at *4 (emphasis in original).

[39] *Id.*

courts to proceed as though service was effectuated pursuant to state law, however, *Deutsche Bank*'s conclusion does not follow.

Regardless, even if *Deutsche Bank*'s conclusion was sound, Section 1655 leads to the same problem discussed above: proceeding as though service had been effectuated pursuant to state law—*i.e.*, as though Federal Rule of Civil Procedure 4(e) had been invoked—does not clearly trigger procedural mandates like Rule 244 that arise after service and are not connected to the act of service itself.

The court is left, then, with a choice of law issue. Should the court apply Rule 244, literally a state procedural rule, or decline to do so on the theory that no federal procedural laws or policies authorize appointment of attorneys ad litem? Under the *Erie* doctrine, "federal courts sitting in diversity apply state substantive law and federal procedural law."[40] However, "[c]lassification of a law as 'substantive' or 'procedural' for *Erie* purposes is sometimes a challenging endeavor."[41] Thus, *Erie*'s seemingly simple rule has spawned a "murky" body of law that is anything but simple.[42] "Accordingly, the Supreme Court has set forth a number of touchstones to consider."[43]

Shortly after *Erie*, the Court announced the outcome determination test, which asks whether "it significantly affect[s] the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State

---

[40] *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 416 (1996) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

[41] *Id.*

[42] *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010).

[43] *All Plaintiffs v. All Defendants*, 645 F.3d 329, 335 (5th Cir. 2011).

court."[44] If so, the state law at issue is substantive.[45] The Court later clarified that the outcome determination test "must not be applied mechanically to sweep in all manner of variations; instead, its application must be guided by 'the twin aims of the Erie rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws.'"[46] Additionally, courts should consider not only whether a rule might affect the outcome of litigation: they should also assess whether (1) the state law is "bound up with" or is "an integral part of" the "rights and obligations of the parties" and (2) there are countervailing federal policies or interests counselling against application of the state law.[47]

On its face, Rule 244 is a state procedural law. Nevertheless, the preceding touchstones suggest federal courts in Texas should apply Rule 244. First, failure to do so has the potential to affect trial outcomes since attorneys ad litem can better protect the interests of absent, served-by-publication defendants than the forgiving standard federal courts apply on default judgment.[48] Therefore, fewer such defendants will be subject to adverse judgments in Texas courts than in federal courts sitting in diversity if the latter decline to apply Rule 244.

Second, applying Rule 244 in federal court comports with *Erie*'s twin aims. Texas law allows plaintiffs to discharge their service of process duty by utilizing service by publication

---

[44] *Guar. Trust Co. of N.Y. v. York*, 326 U.S. 99, 109 (1945).

[45] *Id.*

[46] *Gasperini*, 518 U.S. at 416 (quoting *Hanna v. Plumer*, 380 U.S. 460, 468 (1965)).

[47] *Byrd v. Blue Ridge Rural Elec. Co-op, Inc.*, 356 U.S. 525, 537–38 (1958).

[48] Default judgment need only be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief." *Wooten v. McDonald Transit Assocs, Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting FED. R. CIV. P. 8(a)(2)). "The factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007)).

under certain circumstances.[49] Rule 244 provides a safeguard, however, by also requiring that defendants so served be represented thereafter by attorneys ad litem.[50] Applying that rule discourages forum-shopping since plaintiffs would be unable to utilize service by publication while simultaneously avoiding litigation of their counterparts' interests. It also encourages equitable administration of the laws by ensuring the interests of absent, served-by-publication defendants are represented to the same degree in both state and federal courts.

Third, Rule 244 is arguably bound up with the rights of parties served by publication and the obligations of those utilizing service by publication. Although Texas law allows service by publication, it also seemingly acknowledges that such a procedure is a poor way of ensuring defendants are actually put on notice since it subsequently guarantees their interests are represented by attorneys ad litem.[51] In other words, absent defendants served by publication have a right to representation, despite their absence, and plaintiffs utilizing service by publication have an obligation to litigate the interests of such defendant. Indeed, some courts have explicitly found that no procedure exists in Texas for default judgment when service is by publication.[52] In short, Texas' "objective [regarding Rule 244] is manifestly substantive."[53] Federal courts should

---

[49] TEX. R. CIV. P. 106 (allowing substituted service "in any other manner" if in-person service or service by certified mail is unsuccessful), 109 (allowing service by publication after plaintiff's declaration that defendant's whereabouts are unknown), 111 (allowing service by publication after plaintiff's declaration that names of heirs are unknown).

[50] *Id.* § 244.

[51] *See id.*

[52] *See Deutsch Bank Nat'l Trust Co. v. Navarro*, No. 5:18-CV-109, 2019 WL 13191611, at *1 (S.D. Tex. May 30, 2019) (citing *Fleming v. Hernden*, 564 S.W.2d 157, 158 (Tex. Civ. App. 1978)); *Wiebusch v. Wiebusch*, 636 S.W.2d 540, 542 (Tex. App. 1982);; *McCarthy v. Jesperson*, 527 S.W.2d 825, 826 (Tex. Civ. App. 1975).

[53] *See Gasperini*, 518 U.S. at 416.

therefore "accord it the same treatment as state courts in order to give full effect to Texas' substantive policy" concerning service of process.[54]

Finally, no substantial countervailing federal interests counsel against applying Rule 244 in federal courts. To be sure, federal courts will foot the bill when appointing attorneys ad litem, but (1) such costs will generally be minimal; (2) Rule 244 rarely arises, especially in federal courts[55]; and (3) concerns about small cost increases do not outweigh the importance of giving full effect to Texas' substantive policies.

## IV.   <u>CONCLUSION</u>

Although Rule 244 is nominally a state procedural law, federal courts sitting in diversity should apply it following service by publication. Accordingly, the court enters the following orders:

1. It is **HEREBY ORDERED** that Plaintiff's Motion for Appointment of Attorney Ad Litem" [ECF No. 22] is **GRANTED**.

2. John L. Williams, who can be reached at 1119 E. San Antonio Avenue, El Paso, Texas 79901, is **HEREBY APPOINTED** as attorney ad litem for the unknown heirs of Marshall D. Porcher.

3. Mr. Williams **SHALL** attempt to locate and, if identified, represent those heirs. Whether or not any heirs are identified, Mr. Williams **SHALL** file a statement of evidence with the court.

**SIGNED AND ENTERED** this **6th** day of **June 2023**.

**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[54] *See Conway v. Chem. Leaman Tank Lines, Inc.*, 540 F.2d 837, 838 (5th Cir. 1976).

[55] According to the court's research, Rule 244 has been invoked only twelve times in federal court and ninety-four times in state court since its enactment over eighty years ago.